UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------X

In re:                                                        Chapter 7
    Eileen Siddiqi,                              Case No. 15-22781

                              Debtor(s).

------------------------------------------------X

## APPLICATION SEEKING APPROVAL TO PROCEED BY ORDER TO SHOW CAUSE

**TO THE HONORABLE ROBERT D. DRAIN, JUDGE UNITED STATES BANKRUPTCY COURT:**

The application on behalf of Eileen Siddiqi, the Debtor, by The Law Office of Francis J. O'Reiily, her attorneys, respectfully represents:

1. On June 2, 2015 the Debtor filed for Chapter 7 Bankruptcy relief.

2. On July 13, 2015 an Order granting Loss Mitigation was signed ordering Loss Mitigation for the Debtors property at 294 First Street, Yonkers, NY with M&T Bank (hereinafter "M&T").

3. That M&T in violation of the Court's Loss Mitigation transferred the loan to Carrington Mortgage Services ("Carrington").

4. That at the June 2, 2017 loss mitigation status conference it was so Ordered by Your Honor that Carrington provide the Debtor with the following:

    a. A formal Denial letter; and
    b. The Investor's Guidelines; and
    c. The method and numbers used in making the calculations that determined excessive forbearance; and
    d. The periods at which the excessive forbearance accrued.

5. That although a formal denial letter was provided, the remainder of what was ordered to be provided remains outstanding and Carrington continues to defy, in bad faith, the Loss Mitigation Order of this Court and the case has been and remains in loss mitigation after 2 years due to Carrington's abhorrent behavior and bad faith acts.

**WHEREFORE,** it is respectfully requested that the Court enter the annexed Order commanding an officer of Wells Fargo Bank to appear at a hearing on March 24, 2015 and further relief as stated in the proposed order annexed hereto as Exhibit "A"; and that the Debtor be granted such other and further relief as the Court may seem just and proper.

Dated: Carmel, NY
       July 14, 2017

                                              s/ Frank J. Corigliano
                                              Frank J. Corigliano, Esq.
                                              Law Office of Francis J. O'Reilly
                                              1961 Route 6
                                              Carmel, NY 10512
                                              (845) 225-5800

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------X
In re:                                                    Chapter 7
    Eileen Siddiqi

                                                                                          Case No. 15-22781

                                         Debtor(s).
---------------------------------------------X

## ATTORNEY DECLARATION IN SUPPORT OF ORDER TO SHOW CAUSE

**TO THE HONORABLE ROBERT D. DRAIN,**
**UNITED STATES BANKRUPTCY COURT:**

Frank J. Corigliano, an attorney at law, declares:

1.     I am an attorney employed at the Law Office of Francis J. O'Reilly, attorney for the Debtor and admitted to practice in the Southern District of New York.

2.     I make this declaration from my own personal knowledge.

3.     On June 2, 2015 the Debtor filed for Chapter 7 Bankruptcy relief.

4.     On July 13, 2015 an Order granting Loss Mitigation was signed ordering Loss Mitigation for the Debtors property at 294 First Street, Yonkers, NY with M&T Bank (hereinafter "M&T").

5.     A complete package was provided to M&T in an application for a H.A.M.P. loan modification by my office.

6.     After one year document runaround consisting of submitting and re-submitting documents due to M&T's failure to review documents in a timely manner and piecemeal requests, M&T issued its first denial stating the Debtor's income was too low and erroneously stated ratios far exceeding the actual ratios for the loan due to a bank error in the calculations.

7.     My office informed M&T's attorneys of the math mistake and at a hearing on August 30, 2016 the Court ordered a limited request by M&T for two documents to be provided by the Debtor in order for M&T to render a decision.

8.     On September 13, 2016 my office submitted the requested documents and to clarify the income of the Debtor also submitted updated P&L's.

9.     On October 4, 2016 I sent an email requesting the status of the loss mitigation to M&T's attorneys.

10. October 21, 2016 after an additional month of waiting for a decision and 15 months into the loss mitigation, M&T, in violation of the Loss Mitigation Order, transferred the servicing of the loan to Carrington Mortgage without rendering a decision. I was only informed of the transfer after I once again sent an email to the attorneys for M&T Fein Such Crane LLP (hereinafter "Fein") and they told me of the transfer tin a reply to my email. When I contacted Fein they explained that they did not know who the new attorneys for Carrington would be.

11. On December 5, 2016 my office was informed that Fein would be the attorneys for Carrington.

12. On December 20, 2016 Carrington issued the second denial of the modification stating the failure to provide a new RMA and documents which were not requested nor required.

13. On December 22, 2016 Carrington failed to appear at a loss mitigation conference.

14. I contacted Fein on December 28, 2016 and was asked not to proceed by Order to Show Cause by Jonathan Schwalb, Esq. as authorized by the Court at the December 22, 2016 conference because Carrington had re-opened the loss mitigation and would soon be rendering a decision.

15. On February 2, 2017 in direct contravention of Your Honor's Order, Carrington through Fein once again requested a new RMA and other documents claiming the documents submitted were stale and the RMA had expired.

16. On March 1, 2017 Fein requested that my office consent to an adjournment of the scheduled March 21, 2017 loss mitigation conference because a decision had still not been made by Carrington and Mr. Schwalb was not able to make it to the conference.

17. As a professional courtesy and with the understanding that the adjournment would be a short adjournment I granted the request upon the approval of the Court which Fein obtained

18. To my consternation the case was adjourned to June 1, 2017.

19. On March 27, 2017 my office was advised that the modification was denied for the third time. The reason given was that the Debtor's income was too high and therefore the ratios were too low for any program.

20. In a conference call with Mr. Schwalb on April 27, 2017 it was revealed that his client, Carrington, had made a typographical mistake when calculating the monthly expenses. Mr. Schwalb spoke to his client the same day and they agreed to recalculate due to their error.

21. On May 2, 2017 I received the forth denial directly from Mr. Schwalb in an email stating that the modification was being denied due to excessive forbearance.

22. At a Loss Mitigation status conference on June 2, 2017 Your Honor informed the Lender through its attorneys Fein, that Carrington must provide on or before June 9, 2017 the following:

    a.    A formal Denial letter; and
    b.    The Investor's Guidelines; and
    c.    The method and numbers used in making the calculations that determined excessive forbearance; and
    d.    The periods at which the excessive forbearance accrued.

23. Your Honor stated at the June 2, 2017 Loss Mitigation conference that if Carrington did not comply with the above, that this office could proceed by Order To Show Cause seeking the mandatory appearance of an officer of Carrington with signing power decision making authority and that sanctions could also be requested.

24. On June 12, 2017 I received an email from Jonathan Schwalb, Esq. The email was sent after business hours on June 9, 2017 and contained a denial letter from Carrington and an unidentified paragraph regarding Principal Forbearance. The paragraph does not in any form constitute investor guidelines nor does it mention who the investor is or where or if it came from the guidelines of the investor named in the denial letter. **EXHIBIT "A"**

25. Although required by Your Honor at the June 2, 2017 Loss Mitigation status conference:

    a.    The investor guidelines were not produced copied nor sent to my office; and
    b.    The numbers, methods nor calculation used in the determination of the denial based on Principal Forbearance was not enumerated nor explained in any way; and
    c.    The amount of the Forbearance was not enumerated; and
    d.    The time periods counted in Carrington's calculations to determine Excessive Forbearance were not given.

**WHEREFORE**, it is respectfully requested that the Court enter the annexed Order:

    a.    Ordering a senior officer of Carrington Mortgage Services with full negotiation and settlement authority regarding this case shall appear before the Honorable Robert D. Drain, Judge of the U.S. Bankruptcy Court for the Southern District of New York at a hearing to be held on August 28, 2017 at the United States Bankruptcy Courthouse located at 300 Quarropas Street, White Plains, New York, 10601; and

    b.    Ordering that Carrington Mortgage Services immediately provide complete executed copy of the Investor Guidelines for the Wilmington Savings Fund Society, FSB, As Trustee for Upland Mortgage Loan Trust A; and

    c.    Ordering that Carrington Mortgage Services immediately provide the method and numbers used in making its calculations that determined the loan modification to the Debtor be denied due to excessive forbearance; and

    d.    Ordering that Carrington Mortgage Services immediately provide the periods from and to which the excessive forbearance accrued; and

e.  Ordering that Carrington Mortgage Services immediately provide copies of the original note, mortgage, payment history details and all associated charges and fees assessed to the Debtor for the period starting at even date of the signing of the note to date; and

f.  Ordering that service of this Order on all parties be made by posting the same on E.C.F. on or before July 31, 2017 and first class mail to counsel for Carrington Mortgage Services, Fein Such and Crane LLC, and the shall be deemed good and sufficient service; and

g.  Ordering that Carrington Mortgage Services be directed to pay the reasonable attorney fees of Debtors' counsel for the costs and fees associated with the drafting of this motion and the appearance at the hearing(s) related to this motion and order to show cause; and

h.  Ordering that opposition papers, if any, shall be served upon counsel for the Plaintiff, by E.C.F at least three days before the return date of this Order to Show Cause; and

i.  Ordering that the Debtor be granted such other and further relief as the Court may seem just and proper.

Dated: Carmel, NY
July 14, 2017

s/ Frank J. Corigliano
Frank J. Corigliano, Esq.
Law Office of Francis J. O'Reilly
1961 Route 6
Carmel, NY 10512
(845) 225-5800

# EXHIBIT A



**P.O. Box 3010
Anaheim, CA 92803**

## Loss Mitigation Evaluation Notification

Notice Date: 06/09/2017                     Loan Number: ▇▇▇3956

EILEEN OATES-SIDDIQI                        Property Address:
294 FIRST ST                                294 FIRST ST
YONKERS        NY 10704                     YONKERS        NY 10704

Dear EILEEN OATES-SIDDIQI:

Thank you for your recent application to Carrington Mortgage Services, LLC ("CMS") for loss mitigation assistance in connection with the above referenced mortgage loan. Your application for assistance was carefully considered and the details of our review are listed below. It is important that you read the enclosed material, in their entirety, so that you understand the options that were considered.

**Important Information regarding your account and the workout options considered:**

- The investor for your loan is: WILMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE FOR UPLAND MORTGAGE LOAN TRUST A
- If your loan is delinquent and governed under the applicable laws and regulations of the Federal Housing Administration ("FHA"), you may be subject to HUD's Single Family Loan Sale program (SFLS). For more information about the SFLS program please visit: https://portal.hud.gov/hudportal/HUD?src=/program_offices/housing/comp/asset/sfam/sfls
- Please send your monthly payments and all correspondence and inquiries concerning your mortgage loan directly to CMS.
- Based on the financial information you provided, the income used in conjunction with this evaluation was $4,931.16 which is your net "take home" income after withholdings and $6,500.47 which is your gross income before withholdings. Please note that each workout option is based on a specific income calculation per program guidelines.
- Each of the loss mitigation options for which your application was reviewed are listed below along with (i.) the decision reached for that option, (ii.) if applicable, the reason why any option was denied, and (iii.) whether a denial decision is eligible for an appeal.

| Workout Option | Decision | Reason/Explanation | Appeal Eligible |
|---|---|---|---|
| Unemployment Forbearance Plan | Ineligible | Not Due to Unemployment. We are unable to extend you this offer because your hardship reason is not directly related to a loss of income due to unemployment. | N |
| HAMP Tier 1 | Ineligible | Excessive Forbearance: We are unable to extend you this offer because we would need to defer a portion of your unpaid principal balance beyond the allowable limits of the program guidelines to reach a projected modified mortgage payment. | Y |
| HAMP Tier 2 | Ineligible | Minimum Required Reduction. We are unable to extend you this offer because in performing our underwriting of a potential modification we could not reduce your principal and interest payment below your current principal and interest payment or below your previously defaulted HAMP Tier 1 trial period plan (if applicable). | Y |

LM668                            ▇▇▇3956                          Page 1 of 3



P.O. Box 3010
Anaheim, CA 92803

| | | | |
|---|---|---|---|
| CMS Loan Modification | Ineligible | Excessive Forbearance: We are unable to extend you this offer because we would need to defer a portion of your unpaid principal balance beyond the allowable limits of the program guidelines to reach a projected modified mortgage payment.. | Y |
| Repayment Plan | Ineligible | Insufficient Net Surplus. We are unable to extend you this offer because based on your financial information we determined that 85% of your net surplus income is not sufficient to cure your delinquency within a six month period. | N |
| Home Liquidation | Eligible | You are conditionally approved. Please continue to read this notice in its entirety for important information on your next steps. | N |

**IMPORTANT:**
Please carefully review the terms of the enclosed loss mitigation workout option being offered. If you fail to comply with the terms of the workout option being offered, the offer may be terminated and, if your loan is delinquent, normal collections activity may be continued and any pending foreclosure action that has been suspended may be resumed.

Based on the guidelines of the Consumer Financial Protection Bureau (the "CFPB") an appeal may be submitted if you believe you were wrongfully denied for a Loan Modification. If applicable, you must provide CMS supporting documentation for all items being disputed by no later than 07/09/2017. You must submit your appeal documentation via fax, email, or by visiting our loan servicing website:

- Fax: 1.877.267.1331
- Email: mortgageassistance@carringtonms.com
- Web: www.carringtonms.com

If you believe the loss mitigation request has been wrongly denied, you may file a complaint with the New York State Department of Financial Services at 1-800-342-3736 or www.dfs.ny.gov.

As part of the loss mitigation review process, we may have obtained your consumer report from the agency identified below. Our decision may have been based in part on information from this consumer reporting agency; therefore, under the Fair Credit Reporting Act you are entitled to receive a free copy of your consumer report from the consumer reporting agency, if you request it within 60 days. In addition, you also have the right to notify the consumer reporting agency and dispute the accuracy or completeness of any information on your consumer report. To receive a copy of your credit report, please contact:

CBC Innovis
P.O. BOX 1667
PITTSBURGH, PA 15230
1.877.284.8322

If your consumer report was obtained for the purposes of this review, your credit score will be listed below. Please note your credit score can change depending on how the information in your consumer report changes. The credit score information provided to us is as follows:

Your credit score: 557
Date: 02/27/17
Scores range from a low of 300 to a high of 850

If you have any questions or wish to discuss your options, please contact us, toll free, at 1.866.874.5860, Monday through Friday between the hours 9:00AM to 7:00PM (Eastern Standard Time).

Sincerely,

Carrington Mortgage Services, LLC



P.O. Box 3010
Anaheim, CA 92803

Enclosures: Federal and State Disclosures, Approval (if applicable)

LM668                              ████3956                              Page 3 of 3



**IMPORTANT DISCLOSURES**

**-VERBAL INQUIRIES & COMPLAINTS-**
For verbal inquiries and complaints about your mortgage loan, please contact the Customer Service Department for Carrington Mortgage Services, LLC, at 1-800-561-4567 between 8:00 a.m. to 8:00 p.m. Eastern Time, Monday through Friday. You may also visit our website at https://carringtonms.com/.

**-IMPORTANT BANKRUPTCY NOTICE-**
If you have been discharged from personal liability on the mortgage because of bankruptcy proceedings and have not reaffirmed the mortgage, or if you are the subject of a pending bankruptcy proceeding, this letter is not an attempt to collect a debt from you but merely provides informational notice regarding the status of the loan. If you are represented by an attorney with respect to your mortgage, please forward this document to your attorney.

**-CREDIT REPORTING-**
We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report. As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

**-MINI MIRANDA-**
This communication is from a debt collector and it is for the purpose of collecting a debt and any information obtained will be used for that purpose. This notice is required by the provisions of the Fair Debt Collection Practices Act and does not imply that we are attempting to collect money from anyone who has discharged the debt under the bankruptcy laws of the United States.

**-HUD COUNSELOR INFORMATION-**
If you would like counseling or assistance, you may obtain a list of HUD-approved homeownership counselors or counseling organizations in your area by calling the HUD nationwide toll-free telephone number at (800) 569-4287 or toll-free TDD (800) 877-8339, or by going to http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm. You can also contact the CFPB at (855) 411-2372, or by going to www.consumerfinance.gov/find-a-housing-counselor.

**-EQUAL CREDIT OPPORTUNITY ACT NOTICE-**
The Federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, or age (provided the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derives from any public assistance program; or because the applicant has, in good faith, exercised any right under the Consumer Credit Protection Act. The Federal Agency that administers CMS' compliance with this law is the Federal Trade Commission, Equal Credit Opportunity, Washington, DC 20580.

**-SCRA DISCLOSURE-**

<u>MILITARY PERSONNEL/SERVICEMEMBERS</u>: If you or your spouse is a member of the military, please contact us immediately. The federal Servicemembers Civil Relief Act and comparable state laws afford significant protections and benefits to <u>eligible</u> military service personnel, including protections from foreclosure as well as interest rate relief. For additional information and to determine eligibility please contact our Military Assistance Team toll free at 1-888-267-5474.

**-NOTICES OF ERROR AND INFORMATION REQUESTS, QUALIFIED WRITTEN REQUESTS (QWR)-**
Written complaints and inquiries classified as Notices of Error and Information Requests or QWRs must be submitted to Carrington Mortgage Services, LLC by fax to 800-486-5134, or in writing to Carrington Mortgage Services, LLC, and Attention: Customer Service, P.O. Box 5001, Westfield, IN 46074. Please include your loan number on all pages of the correspondence. You have the right to request documents we relied upon in reaching our determination. You may request such documents or receive further assistance by contacting the Customer Service Department for Carrington Mortgage Services, LLC toll

---

**Principal Forbearance**

| | |
|---|---|
| **Principal Forbearance Limits under HAMP Tier 1** | With respect to both "positive" and "negative" NPV result, under HAMP Tier 1, CMS is not required to forbear more than the greater of (i) 30 percent of the UPB of the mortgage loan (after any capitalization under Step 1 of the HAMP Tier 1 standard modification waterfall) or (ii) an amount resulting in a modified interest-bearing balance that would create a current mark-to-market LTV ratio equal to 100 percent. For purposes of calculating the principal forbearance limit when applying the HAMP Tier 1 alternative modification waterfall, CMS may use the sum of any PRA Forbearance Amount initially set aside as principal forbearance and any principal forbearance created as a result of the final step of such modification waterfall. |
| | For loans being considered for HAMP Tier 1, if the borrower's monthly mortgage payment cannot be reduced to the target monthly mortgage payment ratio of 31 percent unless CMS forbears more than the amount described above, CMS may consider the borrower ineligible for a HAMP Tier 1 modification and shall evaluate the borrower for a HAMP Tier 2 modification. |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
_____X
In re:                                                          Chapter 7
    Eileen Siddiqi,                                     Case No. 15-22781

                Debtor(s).
_____X

## ORDER TO SHOW CAUSE

Upon the annexed Declaration of Frank J. Corigliano, Esq. July 14, 2017 and upon all the proceedings had herein, it is hereby

**ORDERED**, that a senior officer of Carrington Mortgage Services with full negotiation and settlement authority regarding this case shall appear before the Honorable Robert D. Drain, Judge of the U.S. Bankruptcy Court for the Southern District of New York at a hearing to be held on August 28, 2017 at the United States Bankruptcy Courthouse located at 300 Quarropas Street, White Plains, New York, 10601; and it is further

**ORDERED** that Carrington Mortgage Services immediately provide complete executed copy of the Investor Guidelines for the Wilmington Savings Fund Society, FSB, As Trustee for Upland Mortgage Loan Trust A; and it is further

**ORDERED** that Carrington Mortgage Services immediately provide the method and numbers used in making its calculations that determined the loan modification to the Debtor be denied due to excessive forbearance; and it is further

**ORDERED** that Carrington Mortgage Services immediately provide the periods from and to which the excessive forbearance accrued; and it is further

**ORDERED** that Carrington Mortgage Services immediately provide copies of the original note, mortgage, payment history details and all associated charges and fees assessed to the Debtor for the period starting at even date of the signing of the note to date; and it is further

**ORDERED**, that service of this Order on all parties be made by posting the same on E.C.F. on or before July 31, 2017 and first class mail to counsel for Carrington Mortgage Services, Fein Such and Crane LLC, and the shall be deemed good and sufficient service; and it is further

**ORDERED**, that Carrington Mortgage Services be directed to pay the reasonable attorney fees of Debtors counsel for the costs and fees associated with the drafting of this motion and the appearance at the hearing(s) related to this motion and order to show cause; and it is further

**ORDERED**, that opposition papers, if any, shall be served upon counsel for the Plaintiff, by E.C.F at least three days before the return date of this Order to Show Cause.

Dated: White Plains, New York
_____ \_\_, _____

_____
United States Bankruptcy Judge

**FRANCIS J. O'REILLY, ESQ.**\*
**ATTORNEY AT LAW**
**1961 ROUTE 6, SUITE 2C**
**CARMEL, NEW YORK 10512**

\*ADMITTED IN NY AND CT
ASSOCIATE ATTORNEY
FRANK J. CORIGLIANO, ESQ.
ADMITTED IN NY

TELEPHONE (845) 225-5800
FACSIMILE (845) 225-5906
PARAPROFESSIONAL STAFF
KATHLEEN MALLIA
JANE POSNER

July 14, 2017

**Via: First Class Mail**
Hon. Robert D. Drain
United States Bankruptcy Court
Southern District of New York
300 Quarropas Street
White Plains, NY   10601

        In re:  Siddiqi, Eileen T.
              Case No.:  15-22781 (RDD)
              Chapter 7

Dear Judge Drain:

    Enclosed please find a courtesy copy of the Application to proceed by order to show cause, attorney declaration and proposed Order. Also enclosed is the email forwarded to chambers on July 14, 2017 regarding same.

Very truly yours,

Frank J. Corigliano, Esq
FJC/km
Enclosure

cc:    Eileen Siddiqi

# Frank Corigliano

| | |
|---|---|
| **From:** | Frank Corigliano <fcorigliano@mahopaclawyer.com> |
| **Sent:** | Friday, July 14, 2017 1:45 PM |
| **To:** | 'Rdd.chambers@nysb.uscourts.gov' |
| **Cc:** | Francis J. O'Reilly (foreilly@verizon.net) |
| **Subject:** | Siddiqi, Eileen Case No. 15-22781 |
| **Attachments:** | Application to Proceed by Order to show Cause.docx; Attorney Declaration in Support of Application to Proceed by Order to show Cause.docx; OSC.docx |

Dear Judge Drain,

Pursuant to your ruling at the loss mitigation status conference held in this matter on June 2, 2017 allowing the Debtor to proceed by Order to Show Cause if Carrington Mortgage Services did not provide investor guidelines, etc., their failure to do so and my conversation with Ms. Li earlier in the week, attached please find an application seeking approval to proceed by Order to Show Cause, an Attorney Declaration in Support and a proposed Order. Ms. Li said that the case is on the calendar for August 30, 2017 and I should also make the Order returnable on that date.

Thank you for your consideration.


Thank you,

Frank J. Corigliano, Esq.
The O'Reilly Law Firm
1961 Route 6, Suite U-3
Carmel, New York 10512
Ph. 845-225-5800
Fx. 845-225-5906



NOTICE TO CLIENT(S): If you are a client of this firm and this e-mail is directed to you, DO NOT FORWARD to any other party, or you could be waiving the attorney-client privilege.

This message is intended only for the use of the individual or entity to which it is addressed, and contains information that is privileged, confidential, and may be exempt from disclosure under applicable law. If the reader of this message is not the intended, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. Nonetheless, the information contained herein is intended for the receiving party and the contents contained herein or in any attachment should be considered proprietary and confidential. If you have received this communication in error, please notify the sender immediately. Thank you

1